UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDY H. HUYNH AND TEXAS GULF SEAFOOD, INC. | * * * | CIVIL ACTION NO. 08-4064 |
| VERSUS | * * | JUDGE KURT D. ENGELHARDT |
| VIETNAMESE-AMERICAN COMMERCIAL FISHERMEN'S UNION AND CALVIN CUONG NGUYEN | * * * * | MAGISTRATE ALMA L. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' REPLY TO THE UNITED STATES CUSTOMS AND BORDER PROTECTION SERVICE'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON ENTITLEMENT TO FUNDS IN THE REGISTRY**

### I.   BACKGROUND

This matter is before the Court on the question of entitlement to funds claimed by the plaintiffs, Texas Gulf Seafood and Andy H. Huynh, and placed in the Registry by defendants the Vietnamese-American Commercial Fishermen's Union ("VACFU") and Calvin Nguyen, Gary Nguyen, and Darlene Nguyen. Months after being brought into this case through an Interpleader Complaint, the United States Customs and Border Protection Service avers that it needs additional time to evaluate whether it will lay claim to the funds deposited into the Registry by the defendants.

Page -1-

Although the government was in receipt of the Interpleader Complaint by at least November 11, 2009,[1] it made no effort to gather any information from the plaintiffs regarding this claim. Indeed, despite obtaining a continuance of the original hearing date on plaintiffs' Motion for Summary Judgment from January 27, 2010 to the current February 10, 2010 hearing date, the government served no discovery on the plaintiffs and did not even informally request any documents from the plaintiffs until February 1, 2010, the day before its opposition to the instant motion was due. Plaintiffs have been denied the funds now in the Registry for nearly two years without any explanation, and should be forced to suffer no further delays. Plaintiffs accordingly pray that their Motion for Summary Judgment (Rec. Doc. 81) be granted on the record before the Court.

## II.  ARGUMENT

On the eve of the hearing date for the motion, the government now seeks information to controvert plaintiffs' claims. In its Rule 56(f) opposition, the government notes that "[c]ounsel for the VACFU has informed the undersigned that the VACFU will not take a substantive position on the merits of Texas Gulf's pending motion[,]" but instead will defer to whatever position the government takes. This comment is worth noting because it highlights the frustrating position Texas Gulf has been in since the inception of the litigation. Simply put, since filing their original complaint on July 29, 2008, the plaintiffs have been waiting for the VACFU to either relinquish the funds or explain why plaintiffs are not entitled to them. The VAFU instead deposited the funds into the

---

[1] See the government's Motion to Continue Trial, Rec. Doc. 72, filed on November 11, 2009.

Registry, and now plaintiffs apparently are to wait for the government to decide what position it will take.

The government cites to a "liberal standard" under Rule 56(f), but this standard does not mean that such requests are afforded automatic relief. In *Raborn v. Inpatient Management Partners, Inc.*, 2009 WL 3428208 (5th Cir. Oct. 26, 2009), the Fifth Circuit acknowledged the Rule 56(f) standard but affirmed the District Court's rejection of a plea for a continuance under the Rule. The Court reasoned that the respondent on the motion had failed to establish how the additional discovery it proposed to conduct would affect the merits of the pending motion, and therefore found that the District Court had properly granted the Motion for Summary Judgment.

The case before the Court is akin to *Raborn*. This matter has been pending for nearly 18 months, and plaintiffs have responded to every bit of discovery propounded to them. Specifically, the plaintiffs have produced voluminous documents regarding the applications for Continued Dumping and Subsidy Offset Act ("CDSOA") payments that the VACFU submitted on plaintiffs' behalf, as well as extensive tax and financial records. The government acknowledges that it has obtained copies of these materials from the VACFU, and plaintiffs provided these same documents to the government again on receiving its discovery. Like the respondent in *Raborn*, the government fails to reasonably articulate how the additional delay and discovery will allow it to adopt a position or oppose the motion. The plaintiffs accordingly submit that the government's plea for relief under Rule 56(f) should be rejected and the plaintiffs' motion granted.

### III. CONCLUSION

The plaintiffs submit that the Court would be within its discretion to grant their Motion for Summary Judgment on the record before the Court. In the alternative, and only in the event that the Court should decide additional time is warranted, plaintiffs submit that a continuance rather than an outright denial of the Motion for Summary Judgment would be the appropriate remedy.

                Respectfully submitted:

                PREIS & ROY
                (A Professional Law Corporation)

BY: _____
                FRANK A. PICCOLO (02049)
                JOSEPH E. LEE III (26968)
                Pan American Life Center
                601 Poydras Street, Suite 1700
                New Orleans, Louisiana 70130
                Telephone: (504) 581-6062
                Telefax:  (504) 522-9122

                Counsel for ANDY H. HUYNH and TEXAS GULF SEAFOOD, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record in these proceedings via filing in the Court's ECF System:

| | |
|---|---|
| Peter M. Mansfield, Esq.<br>Assistant United States Attorney<br>Eastern District of Louisiana<br>Hale Boggs Federal Buidling<br>500 Poydras Street, Room 210B<br>New Orleans, Louisiana 70130<br>Counsel for Defendant-in-Interpleader United States Customs and Border Protection Service | Dan A. Smetherman, Esq.<br>820 Ursulines Avenue<br>New Orleans, Louisiana 70116-2422<br>Counsel for Defendants Vietnamese-American Commercial Fishermen's Union and Calvin Nguyen, Gary Nguyen, and Darlene Nguyen |

New Orleans, Louisiana, this 5th day of February, 2010.

_____
Joseph E. Lee III